IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. 2:22-CR-101-WKW-4
)
MILON JACLARIUS MOSS )

## ORDER

Before the court are (1) the United States Probation Office's petition for revocation of Defendant Milon Jaclarius Moss's supervised release (Doc. # 270) and (2) the Government and Defendant's joint motion to impose judgment and Defendant's waiver of a revocation hearing (Doc. # 281).

In his federal case, Defendant faces the revocation of his three-year term of supervised release based on two mandatory-condition violations and one standard-condition violation. Violations 1 and 2 were Defendant's arrests for possession of a firearm by an addict and possession of marijuana second degree. (Doc. # 270 at 1; Doc. # 281 ¶ 2.) Violation 3 was Defendant getting arrested in Mobile, Alabama when he did not have permission from the court to travel to Mobile. (Doc. # 270 at 2; Doc. # 281 ¶ 2.) Defendant now has agreed in his federal case to plead guilty to Violation 3 of the revocation petition. (Doc. # 281 ¶ 7; Doc. # 270 at 2.) The parties agree to a sentence of seven months' imprisonment with no term of supervised release to follow. (Doc. # 281 ¶ 8.)

As part of the parties' agreement, Defendant expressly waives his right to a hearing under Rule 32.1 of the Federal Rules of Criminal Procedure.  (Doc. # 281 ¶ 9. )  Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release."  Under this rule, Defendant has the right to

> (A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

Fed. R. Crim. P. 32.1(b)(2).  The rule also provides that a defendant can waive a revocation hearing:  "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction."  Fed. R. Crim. P. 32.1(b)(2) (emphasis added); *see also United States v. Dunkley*, 812 F. App'x 820, 828 (11th Cir. 2020) (per curiam) (explaining that "a defendant may choose to waive the right to a revocation hearing" under Rule 32.1(c)(2)).  Based on Defendant's express waiver (*see* Doc. # 281 ¶ 9), Rule 32.1(b)(2) permits the court to enter judgment without a revocation hearing.

After careful consideration, the court will accept the parties' agreement, grant the revocation petition, revoke Defendant's term of supervision, and impose sentence without convening a hearing based upon Defendant's waiver.  The court has considered the United States Sentencing Guidelines (U.S.S.G.), including the

sentencing range and Defendant's individualized circumstances, as well as the relevant factors outlined in 18 U.S.C. § 3553(a),[1] the parties' agreement, and the presentence investigation report.[2]  Additionally, pursuant to 18 U.S.C. § 3583(c) and U.S.S.G. §§ 5D1.1–5D1.3, the court has evaluated the pertinent factors outlined in § 3553(a) and conducted an individualized assessment to decide whether to include a term of supervised release.

Based on the foregoing considerations, a consecutive sentence of seven months with no term of supervised release to follow is an appropriate sentence.  The sentence shall be served consecutively to any sentence imposed in *City of Mobile v. Moss*, Case Nos. MC-2026-901935.00 & MC-2026-902346.00 (Mobile Mun. Ct.).

---

[1] For purposes of a revocation proceeding, the relevant § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence, protect the public and provide the defendant with needed educational or vocational training or medical care; (3) the Sentencing Guidelines range and pertinent policy statements of the Sentencing Commission; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution.  *See* 18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7)).

*United States v. Howard*, 516 F. App'x 885, 890 n.1 (11th Cir. 2013) (per curiam); *see also* 18 U.S.C. § 3583(c); U.S.S.G. §§ 5D1.1–5D1.3; U.S.S.G. ch. 7, pt. C, introductory cmt. (U.S. Sent'g Comm'n Nov. 2025).

[2] Defendant was sentenced in October 2023.  (Doc. # 219.)  Although the undersigned did not serve as the sentencing judge, this case was reassigned to the undersigned on January 18, 2024.

Based on the foregoing, it is ORDERED that

(1)    The parties' joint motion to impose judgment (Doc. # 281) is GRANTED;

(2)    The parties' agreement and Defendant's waiver of the revocation hearing (Doc. # 281) are ACCEPTED as set forth herein;

(3)    The United States Probation Office's petition to revoke Defendant's supervised release (Doc. # 270) is GRANTED; and

(4)    Defendant is committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of seven months, with no term of supervised release to follow.  The sentence shall be served consecutively to any sentence imposed in *City of Mobile v. Moss*, Case Nos. MC-2026-901935.00 & MC-2026-902346.00 (Mobile Mun. Ct.).

Judgment will be entered separately.

DONE this 23rd day of July, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

4